United States District Court
Southern District of Texas
**ENTERED**
June 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY ALEXANDER ARTEAGA-MARROQUIN, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-04464 |
| TODD BLANCHE, *et al.*, | § § § | |
| Respondents. | § § | |

## ORDER OF DISMISSAL

The petitioner, Anthony Alexander Arteaga-Marroquin, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention. Doc. No. 1.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition reflects that Petitioner is a citizen of El Salvador who entered the United States without inspection as an unaccompanied minor in 2015. Doc. No. 1 at 4. Petitioner

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1 / 3

does not plead facts to show that he has been lawfully admitted into the United States. Because Petitioner entered without inspection and has not obtained lawful status, he is an applicant for admission subject to 8 U.S.C. § 1225(b)(2). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). Therefore, to the extent he argues that he should receive a bond hearing under 8 U.S.C. § 1226(a) and its implementing regulations, that claim is foreclosed by *Buenrostro-Mendez*. His detention is mandated by statute under section 1225(b)(2).

In addition, Petitioner's Fifth Amendment due process claims fail. Petitioner's procedural due process claim is unavailing because the statute mandates detention. *See Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded"). Hence, a bond hearing to determine whether he is a danger to the community or a flight risk is futile where it would have no bearing on his mandatory detention.

Likewise, Petitioner's substantive due process claim is precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings*, 583 U.S. at 297; *Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessary a part of th[e] deportation procedure."); *Wong Wing v. United States*, 163 U.S. 228, 235 (1896) ("Proceedings to exclude or expel would be vain if those accused could not be held in custody pending the inquiry into their true character, and while

arrangements were being made for their deportation."). Petitioner, who alleges that he has been detained less than a month, does not plead facts that show that he has been detained indefinitely or otherwise show that his detention presently violates the Constitution.

Finally, to the extent that Petitioner contends that his arrest and detention is unconstitutional based on the Fourth Amendment, those claims cannot succeed in this habeas proceeding because § 1225(b) provides Respondents' lawful authority to detain him. *See Kanda v. Cole*, No. 5:26-CV-158, 2026 WL 1014400, at *3–4 (S.D. Tex. Apr. 10, 2026) (rejecting petitioner's Fourth Amendment claims regarding arrest and detention) (citing *Ordonez v. Frink*, No. 4:25-CV-06386, 2026 WL 143153, at *1 (S.D. Tex. Jan. 20, 2026)).

Therefore, the Court **ORDERS** as follows:

1. This petition (Doc. No. 1) is **DISMISSED without prejudice**.

2. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED this _____12_____ day of June 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE